THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RALPH WHITE *et al.*, Defendants-Appellees.

(Nos. 59513-17 cons.;

First District (1st Division)—May 6, 1974.

HALLETT, J., took no part.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

No brief for appellees.

PER CURIAM:

Criminal complaints were filed against the defendants charging them with the offenses of gambling and syndicated gambling, in violation of sections 28—1, 28—1.1 and 28—3 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, pars. 28—1, 28—1.1, 28—3). Defendants' pretrial motion to suppress evidence was sustained on the grounds that the People had failed to produce the original search warrant pursuant to which the evidence in question had been seized and had further failed to lay a proper foundation for the introduction of a copy of the warrant as evidence at the hearing on the motion to suppress; the causes were stricken off with

leave to reinstate. The People prosecute this appeal pursuant to Supreme Court Rule 604(a)(1). Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1).

The People contend that the trial court was in error in holding that a proper foundation had not been laid for the introduction of the copy of the search warrant, leading to the striking of the charges against the defendants. The defendants were served with notice of appeal but have filed no brief on this appeal; there is authority that under such circumstances the trial court judgment may be reversed pro forma, but such cases should be decided on their merits where circumstances dictate. See *People v. Jones*, 8 Ill.App.3d 849, 852, 291 N.E.2d 305.

At the hearing on the defendants' motion to suppress, the arresting police officer testified that he had entered the premises in the execution of a search warrant, placed the defendants under arrest and served them with a copy of the warrant. He testified that he filed the original warrant with the court after its execution, along with an inventory of the evidence seized pursuant thereto, as was "normal procedure" in such cases. It appeared at the hearing that the original warrant was not in the court file and that it could not be found, and the officer was questioned and testified that the copy of the warrant tendered to the court and to defense counsel was a true and correct copy of the original warrant. The court refused to admit the tendered copy of the warrant into evidence at the hearing on the ground that a proper foundation had not been laid. The copy of the search warrant which the People tendered at the hearing, and the complaint for that warrant executed by the arresting officer, are in the record on this appeal. These documents purport to bear the signature of the issuing judge and the date and time of issuance, and otherwise conform to the details contained in the criminal complaints filed in the matter.

Proof of court records may be by certification by the clerk having custody thereof or may be by copy of the document examined and sworn to by a credible witness. (Ill. Rev. Stat. 1973, ch. 51, pars. 13, 18.) In the instant case the arresting police officer, who also swore out the complaint for the search warrant, properly authenticated the copy of the warrant tendered to the court and opposing counsel; it was also established that the original warrant was filed with the court upon its execution but could not be located in the court file. The trial court was in error in refusing to admit the tendered copy of the warrant into evidence and in sustaining the defendants' motion to suppress the evidence seized pursuant to the warrant. The order is reversed and the cause remanded for proceedings not inconsistent with the views expressed.

Order reversed and cause remanded.

HALLETT, J., took no part in the consideration or decision of this case.